# STANDARD OIL CO. OF LOUISIANA v. J. W. ENTRIKEN.

Western Section. November 12, 1926.

No petition for Certiorari was filed.

1. **Master and Servant. Employee continuing to work for employer knowing the rules of the employer, held to assent to such rules.**

   Where an employee of an oil company working as chief clerk in a filling station knew of the rules of the company holding its employees liable for shortages in gasoline and oil received by them and he continued to work for the company, held that he was bound by the rules and liable for any shortages due to his own faults.

2. **Master and Servant. Rule of an oil company requiring employees to account for all gasoline and oil entrusted to them held reasonable.**

   Where a rule of an oil company required the employees to account for all gasoline and oil entrusted to them and made them liable for any shortages and the employees personally check up the oil received by them, held that the rule was a reasonable condition of employment and that an employee was liable to the company for any shortage caused by fault of his.

3. **Master and Servant. Rule of oil company holding employees liable for shortages held not to apply when shortage was not the fault of the employee.**

   The rule of an oil company, requiring employees to account for all gasoline, etc., entrusted to them and making them liable for shortage is not unconditional. If the shortage complained of was shown to be the result of theft or from some other cause for which the employee was not at fault, held that the employee would not be liable.

Appeal in Error from Circuit Court of Shelby County; Hon. M. R. Patterson, Judge.

Judgment reversed, suit dismissed.

Henry M. Crymes, of Memphis, for appellant.

R. R. Bond, of Memphis, for appellee.

SENTER, J. This suit was commenced before a Justice of the Peace to recover the sum of $165. alleged to have been owing to plaintiff below by defendant below as salary for services rendered. The case resulted in a judgment in favor of plaintiff and against the defendant in the Justice of the Peace court. Defendant below appealed to the circuit court of Shelby county where the case was tried by the Circuit Judge without a jury, and resulted in a judgment in favor of plaintiff below for the sum of $55. From this judgment plaintiff in error has appealed to this court and has assigned several errors, all of which present but a single question of law and fact and may be disposed of together.

It appears from the record that plaintiff below had been employed by defendant below for several months during the year 1925 as a

pit man at one of its numerous filling stations in the city of Memphis, and was promoted to the position of "senior clerk" at the filling station of plaintiff in error located at Mississippi and Gaither streets in the City of Memphis. It appears from the record that there are two "senior clerks" employed for each filling station, and the time is divided between the two, when one goes off duty the other comes on. It appears that these two senior clerks in charge of each filling station received the same amount of compensation and are of equal importance, and the duties of the two are the same.

The defendant in error was discharged by plaintiff in error on January 2, 1926. His salary was at the rate of $110 per month, payable twice a month, on the 15th day of each month and the 1st day of each month, $55 each. At the time he was discharged, plaintiff in error refused to pay him the amount of salary earned from December 15, 1925, to January 2, the date of his discharge, alleging that plaintiff in error was then indebted to defendant in error in an amount in excess of the salary earned for that period, and claimed the right to offset this amount against the amount of salary earned by defendant in error from December 15, 1925, to January 2, 1926. This alleged amount which plaintiff in error claimed the right to set off against the amount of wages earned by defendant in error is alleged to represent shortage in the account of defendant in error with plaintiff in error in the conduct of the business. Defendant in error sued for the half month of December, 1925, and the full month of January, 1926, claiming that the employment was by the month, and that the defendant below could not legally discharge plaintiff below until the end of the month without compensating him for the full month. The court disallowed this contention of plaintiff below, and held that the employment was at the will of the employer, but refused to sustain the plea of set-off of defendant below, and rendered judgment for the one-half month's salary, and the costs of the case. The plaintiff below did not appeal from the action of the court in denying a recovery for the month of January, and hence that question is not involved on this appeal. From the judgment of the court in refusing to sustain its plea of set-off, and in rendering judgment against it for the $55, as earned compensation for the last half of the month of December, and the costs of the case, defendant in error has appealed.

The only question presented on this appeal is whether or not the alleged shortage is properly chargeable against the defendant in error so as to entitle plaintiff in error to have the same set off against the claim of plaintiff in error.

The record discloses that plaintiff below, after having served in the employ of defendant below for several months as a pit man at one of its filling stations in Memphis, was promoted to the position of senior clerk in August, 1925. The two senior clerks in charge of the

filling stations are required to render daily reports to the Superintendent and officers of the defendant below. The method or system by which the business of the filling station is conducted requires that when one of the senior clerks goes off duty an inventory of the amount of gasoline and other products is taken by the two senior clerks, and this inventory is signed by both of them as being correct. If any new stock of gasoline is brought to the filling station the senior clerk in charge or on duty at that time receipts for the same. This system is intended to show the actual amount of gasoline, oils, etc., in charge of the senior clerk on duty for that period and he reports this amount by turning in the inventory signed by the two senior clerks, and with a remittance covering the amount of cash sales, and the list of credit sales, and when he goes off duty and his associate senior clerk comes on duty a new inventory is taken and signed by the respective senior clerks. It appears that in taking the inventory the gasoline tanks or containers are measured, and the amount is set out in the inventory in inches, and not in gallons, but the gallons are calculated from the number of inches, and the senior clerk is charged with the gallonage based upon the report made by the senior clerk and signed by the senior clerk, including the inventory signed by the respective senior clerks in charge of the station, and by the remittance, etc. This is the method employed by the Standard Oil Company at its several filling stations in the city of Memphis, and was the system so employed at the time defendant in error was promoted to the position of the senior clerk, and the general custom and policy of the plaintiff in error in dealing with all its senior clerks (so designated in the record) was to charge the respective senior clerks with any shortage that appeared in the accounts of the respective senior clerks.

It is contended by defendant in error that at the time he was employed as a senior clerk he did not receive any specific instructions or directions from the officer and agent who promoted him, and that he was never informed that he would be held responsible or liable for any shortage that may appear while he was on duty, and that it was not any part of his contract of employment that he would be held liable for the same, and that he would not be legally liable for any shortage that may appear, unless it appeared that he received and appropriated the money, and that the record did not show that he had actually received and mis-appropriated the funds represented by the alleged shortage. It does not appear that there is any question made that there was a shortage, or that the amount of the same is accurately stated to be the sum of about $63. It is denied by defendant in error that he at any time became responsible or liable for any shortage as contended for by plaintiff in error, and that the trial judge properly held that he was not chargeable with such

shortage, and properly disallowed the amount of the same to be set off against the undisputed amount of his wages earned by him for the last half of the month of December, 1925. The record does not definitely disclose that any shortage had been charged against the account of defendant in error prior to December, 1925, but we think the record clearly shows that defendant in error knew and understood the custom of charging and holding responsible senior clerks for any shortage that would result from his conduct of the business. If, as contended by defendant in error, he was not so informed of this system and rule of the company at the time he was promoted to this position of senior clerk in August, 1925, it is clear from the record that after he became a senior clerk and while he was so employed from August, 1925, until December 15, 1925, he knew of the custom and rule that senior clerks would be held to account for any shortage resulting during the time they were on duty. He continued in the employment with full knowledge of this rule and requirement. If he did not so understand his obligation in that regard at the time he accepted the promotion in August, 1925, we think it clear from all the facts and circumstances as disclosed by the record, that he certainly acquired this knowledge and full understanding during the time he was so employed, and if he was unwilling to be bound by any such rule or custom of the company he should have so notified the company or resigned his position. While there is no direct evidence in the record that his attention had been personally called to the fact these shortages had accrued to his account, it does appear that there was posted a bulletin or list of all shortages of the respective senior clerks for the information of senior clerks, and that they had full access to these posted bulletins daily. There were about seventy-five of these senior clerks in the employ of plaintiff in error at its various filling stations in Memphis, and this rule and custom and requirement was enforced as to all of them alike. Under the system employed by defendant in error the senior clerk responsible for the shortage, if any, could be easily and definitely determined. This system required the senior clerk going off duty to make up an inventory of all gasoline and other commodities on hand at the time, and the senior clerk coming on duty to relieve the senior clerk going off duty assisted in making up the inventory, measuring the gasoline, etc., and they both signed the inventory. In this way the defendant in error knew each day just how much of these commodities were placed in his care. If any additional gas, etc., was delivered to him during the day or time he was on duty, he received for the same. The capacity of each tank of gasoline or oils delivered to him was plainly stenciled on the tank, and he could easily determine if the tank was full by looking into it, and proper diligence upon his part would enable him to determine be-

fore signing the receipt that he was receiving the gallonage for which he receipted. When he goes off duty and his associate senior clerk relieves him, the same procedure is had; a new inventory is taken, and the exact amount turned over to his associate senior clerk is determined. Under this system he was properly charged with the difference, and was required to account for this difference, and his remittance together with the credit sales, when added to the inventory which he turned over to his associate senior clerk, should equal the amount coming into his care during the time he was on duty. If the senior clerk exercises reasonable and proper diligence in invoicing the commodities on hand, and in determining that he does not recept for a larger quantity than is delivered to him, and is careful and cautious in collecting for the cash sales and in charging any credit sales, there should be no material discrepancies. We think the duty of the senior clerk under the conditions of employment would be to exercise reasonable care and diligence in the conduct of the business with which he is charged, and even if there was no contractual arrangements by which the senior clerk would be held responsible for shortage, he would certainly owe to the employer the duty of reasonable care and diligence. We are also of the opinion that the system employed by plaintiff in error, and the rule of the company requiring employees to account for all gasoline, etc., entrusted to them, and making them liable for any shortage that may result, is a reasonable rule and condition of employment. However, the liability of said senior clerk would not be absolute and unconditional. If, for instance, it appeared that the apparent shortage was the result of theft by a third party and for which the senior clerk was not in fault; or if it appeared that the measuring machinery or apparatus by which the gasoline, etc., is sold to customers were inaccurate, or perhaps for other reasons that could be suggested, the shortage is accounted for in a way that would not make the senior clerk liable for the shortage. We think it clear from this record that there was a shortage equal to the amount claimed by plaintiff in error. The defendant in error does not claim that there had been any theft, or any leakage, or any inaccuracy in the measuring apparatus furnished him by the company. In the absence of any such proof, we must conclude that the defendant in error has not properly and legally accounted to plaintiff in error for this shortage. We are of the opinion that this shortage as contended for by plaintiff in error was properly chargeable against defendant in error, and that the learned Circuit Judge was in error in denying the set-off, and in giving judgment against plaintiff in error. The amount of the shortage exceeded the claim of defendant in error, and fully absorbed or set off the amount of defendant in error's claim.

It results that the assignments of error are sustained, and the judgment of the lower court is reversed, and the suit is dismissed.

Defendant in error will pay the cost of the case, including the cost of this appeal.

Heiskell and Owen, JJ., concur.